IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUDITH S.,                        )
    Plaintiff              )
                            )
    v.                      )   No. 1:19-cv-373-MSM-LDA
                            )
ANDREW SAUL, Comm'r               )
SOCIAL SECURITY ADMIN.,           )
    Defendant               )

MEMORANDUM AND ORDER

    The Commissioner of Social Security has moved to remand this administrative appeal for a wholly new determination on the plaintiff's application for benefits. (ECF No. 15). The plaintiff concurs in the need for a remand, but she has filed objections with respect to two details of the remand: first, she wants a clarification of the basis for the Commissioner's motion, and, second, she wants the remand review conducted by a different Administrative Law Judge (ALJ). (ECF No. 16). The Commissioner strenuously objects to a forced recusal of the ALJ. (ECF No. 17).

    First, as the review proposed by the Commissioner on remand is a full *de* novo evaluation, it is not clear why clarification of his reasons is necessary. Second, the request for clarification may be taken up by the plaintiff with the Commissioner on remand, to the extent it may be relevant to the parameters of the new review.

    With respect to the demand for a different ALJ, that is predicated on the plaintiff's allegation that the ALJ who decided this case, and to whom it would ordinarily be returned, is biased against her attorney because the attorney has raised

previous bias claims against that ALJ; the attorney chooses not to appear before that ALJ and maintains that it would be a hardship to force the plaintiff to retain another attorney. The Commissioner counters that there is no substantial or concrete basis for the accusation of bias, and that the plaintiff neither raised the issue below nor invoked the bias complaint procedure of 20 C.F.R. § 404-940 (bias must be raised at earliest point and, if recusal is denied, an appeal lies to the Appeals Council).

The evidence of bias must be clear to force recusal of an ALJ and warrant a substitution over the Commissioner's objection, as the Commissioner ordinarily has broad discretion to determine assignment. *Peck v. Colvin*, Civil Action No. 12-40146-DHH, 2014 L 1056988 at *5 (D. Mass. Mar. 14, 2014). The allegations here are conclusory and are largely based on the speculative impact of an unrelated case. The plaintiff has not met her high burden of demonstrating clear bias. I therefore GRANT the Commissioner's motion to remand (ECF No. 15) and DENY the plaintiff's request that the remand be to a different ALJ.

IT IS SO ORDERED:

_Mary S. McElroy_
Mary S. McElroy,
United States District Judge
July 10, 2020